# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| **MITCHELL ELLIS PRODUCTS, INC.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) **CIVIL ACTION 14-0194-WS-N** | |
| ) | |
| **BOULDIN & LAWSON, LLC,** ) | |
| ) | |
| **Defendant.** ) | |

## ORDER

The plaintiff has filed a notice of voluntary dismissal. (Doc. 38). The plaintiff understands that the dismissal is effective on filing because the defendant has not filed a motion for summary judgment or an answer to the amended complaint. The plaintiff is incorrect.

"[T]he plaintiff may dismiss an action without a court order by filing … a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment …." Fed. R. Civ. P. 41(a)(1)(A)(i). The pleading that ends a plaintiff's right to unilaterally dismiss is an answer to the original complaint, and "a plaintiff cannot supersede the cutting off its right to give notice of voluntary dismissal by filing an amended complaint after an answer or motion for summary judgment has been filed by the defendant." *Universidad Central del Caribe, Inc. v. Liaison Committee on Medical Education*, 760 F.2d 14, 18 (1st Cir. 1985); *accord Armstrong v. Frostie Co*., 453 F.2d 914, 916 (4th Cir. 1971); 9 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2363 (4th online ed.) ("Multiple courts have held that an answer to the plaintiff's original complaint is sufficient to preclude dismissal by notice even though the defendant has not submitted an answer to the plaintiff's amended complaint."). This only makes sense, since "[t]he rule is designed to permit a disengagement of the parties at the

behest of the plaintiff only in the early stages of a suit, before the defendant has expended time and effort in the preparation of his case," and the filing of an amended complaint "increase[s] rather than nullifie[s] [the defendant's] burden." *Armstrong*, 453 F.2d at 916.

The plaintiff has cited no authority in support of its position, and the Eleventh Circuit has at least implicitly rejected it. In *Hunt v. Hawthorne Associates, Inc.*, 119 F.3d 888 (11th Cir. 1997), the plaintiff filed an amended complaint dropping four of the original defendants. As to the three defendants that had not answered the original complaint, the plaintiff needed no motion and order under Rule 21. But the fourth defendant ("Eastern"), which had answered the original complaint, could not be dropped absent such a motion and order. The plaintiff "was free, however, to obtain Eastern's dismissal from the case by filing with the court a stipulation under Fed.R.Civ.P. 41(a)(1)(ii)." *Id*. at 903 & n.42. Notably, the Court did not say the plaintiff could dismiss Eastern unilaterally under Rule 41(a)(1)(A)(i).

Even could a plaintiff revive a right to unilaterally dismiss by the mere expedient of filing an amended complaint, the plaintiff has not done so. All it has done is file a motion for leave to file an amended complaint, (Doc. 36), which motion has not been granted and which does not even become ripe until tomorrow. (Doc. 37).

In summary, the plaintiff cannot dismiss its action without either a stipulation signed by all parties or an order of Court permitting the dismissal. Fed. R. Civ. P. 41(a)(1)(A)(ii), (2). The Court construes the plaintiff's filing as a motion for such relief. The defendant is **ordered** to file and serve its response to the plaintiff's motion on or before **December 16, 2014**. The defendant's response shall address the fate of its "counter complaint," (Doc. 7 at 6-18), should the plaintiff's motion be granted. *See* Fed. R. Civ. P. 41(a)(2) ("If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the

counterclaim can remain pending for independent adjudication."). The plaintiff is **ordered** to file and serve any reply on or before **December 23, 2014**. The Court will take the plaintiff's motion under submission on December 23, 2014.

DONE and ORDERED this 9th day of December, 2014.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE